**Opinion filed January 16, 2020**



# In The

# Eleventh Court of Appeals

_____

## No. 11-19-00220-CR

_____

## BOBBIE JACKSON CHAVEZ, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**

**Ector County, Texas**

**Trial Court Cause No. A-17-1333-CR**

## M E M O R A N D U M   O P I N I O N

The jury convicted Appellant, Bobbie Jackson Chavez, Jr.,[1] of the second-degree felony offense of robbery. The jury assessed punishment at confinement for nine years and a fine of $2,500. We modify and affirm.

Appellant's court-appointed counsel has filed in this court a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that the

---

[1]We note that some of the documents in the record, including the indictment, show Appellant's first name to be "Bobbie" but that other documents in the record, including the judgment, show it to be "Bobby."

appeal is frivolous and without merit. Counsel provided Appellant with a copy of the brief, a copy of the motion to withdraw, and a copy of both the clerk's record and the reporter's record. Counsel advised Appellant of his right to review the record and file a response to counsel's brief. Counsel also advised Appellant of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant filed a response to counsel's *Anders* brief. In his response, Appellant asserts that he has been denied the right to effective assistance of counsel on appeal because appellate counsel did not consult with Appellant. In addressing an *Anders* brief and a pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree with counsel that no arguable grounds for appeal exist.[2]

We note, however, that the judgment contains a nonreversible error. In the judgment, the trial court ordered Appellant to pay court costs, including a Time Payment Fee of $25 pursuant to former Section 133.103 of the Texas Local Government Code. *See* former TEX. LOC. GOV'T CODE ANN. § 133.103

---

[2]We note that Appellant has a right to file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

(2004).[3]  We held that subsections (b) and (d) of that section were facially unconstitutional because the collected fees were to be allocated to general revenue and were not sufficiently related to the criminal justice system.  *See King v. State*, No. 11-17-00179-CR, 2019 WL 3023513, at *1, *5–6 (Tex. App.—Eastland July 11, 2019, pet. filed) (mem. op., not designated for publication).  Accordingly, the trial court erred when it assessed a Time Payment Fee under former Section 133.103, subsections (b) and (d) of the Texas Local Government Code as a court cost.  *See id.*

When the trial court erroneously includes fees as court costs, we should modify the trial court's judgment to remove the improperly assessed fees.  *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013).  We, therefore, modify the trial court's judgment to delete $22.50 of the Time Payment Fee assessed as court costs, leaving a Time Payment Fee of $2.50.  *See King*, 2019 WL 3023513, at *5–6.

We grant counsel's motion to withdraw; modify the judgment of the trial court as set forth above; and, as modified, affirm the judgment of the trial court.

PER CURIAM

January 16, 2020

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[4]

Willson, J., not participating.

---

[3]We note that the legislature has recently repealed subsections (b) and (d) of Section 133.103; transferred Section 133.103 from the Local Government Code to Chapter 102 of the Texas Code of Criminal Procedure; redesignated Section 133.103 as Article 102.030; and amended the language of the statute to delete the provisions that were previously held to be unconstitutional.  *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, §§ 2.54, 4.40(33), 5.01, 5.04, 2019 Tex. Gen. Laws ____ (codified at TEX. CODE CRIM. PROC. ANN. art. 102.030 (West Supp. 2019)) (effective January 1, 2020).  The legislature provided that the above changes "apply only to a cost, fee, or fine on conviction for an offense committed on or after the effective date of this Act."  *Id.* § 5.01.  The record in this cause reflects that the date of the offense was May 30, 2017.  Therefore, the former statute, rather than the recent revisions, apply to this case.

[4]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.